UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

PREMIER EXHIBITIONS, INC.
a/k/a PRYXIE LIQUIDATION
CORP., et al.,

    Debtors.
_____/

MARK C. HEALY of Michael
Moecker & Associates, Inc.,
Liquidating Trustee,

    Plaintiff,

v.                                                          Case No. 3:23-cv-1255-MMH

(Bankr. Case No. 3:16-bk-2232-BAJ)
(Bankr. Adv. Pro. No. 3:20-ap-51-BAJ)

DAOPING BAO, MICHAEL
EVANS, SID DUTCHAK, JEROME
HENSHALL, MARK BAINS, and
GUO "DAVID" DING,

    Defendants.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court on Plaintiff's Motion to Withdraw, In Part, the Standing Order of Reference to Conduct a Jury Trial on Count I of the Complaint (Doc. 1; Plaintiff's Motion), filed on October 23, 2023, and Defendants' (I) Joint Response to Plaintiff's Motion and (II) Cross-Motion to

Withdraw the Reference as to Counts I–IV of the Adversary Complaint (Doc. 2; Defendants' Response and Cross-Motion), filed on October 23, 2023. Upon review of the Plaintiffs' Motion and Defendants' Response and Cross-Motion, the Court finds it appropriate to deny the Motion and Cross-Motion without prejudice.

This is the second time the Court has considered the parties' motions to withdraw the reference in the underlying adversary proceeding. See generally Case No. 3:20-cv-1010-MMH. The Court previously denied Defendants' request to withdraw the reference without prejudice. See Case No. 3:20-cv-1010-MMH, Order (Doc. 3; First Order), entered on March 28, 2023. In the First Order, the Court summarized the procedural posture and facts of the underlying dispute as set forth in the adversary complaint. See generally id.; Case No. 3:16-bk-2232-BAJ (Bankruptcy Proceedings); Case No. 3:20-ap-51-BAJ (Adversary Proceedings); Adversary Complaint for Damages and Other Relief and Demand for Jury Trial (Adversary Proceedings Doc. 1; Adversary Complaint), filed on April 20, 2020. The Court assumes the parties are familiar with the facts and does not recount them here. In short, Plaintiff asserts Defendants wrongfully sold—or allowed to be sold—company assets (artifacts from the Titanic) for less than market value, thereby injuring the bankruptcy estate. See generally Adversary Complaint. Notably, after the Court entered

the First Order and the parties filed the Plaintiffs' Motion and Defendants' Response and Cross-Motion, the Bankruptcy Court determined that the claims in Counts I and II of the Adversary Complaint—claims for breaches of fiduciary duty—are non-core. See Order Granting Defendants' Renewed Motion to Determine that Counts I and II of Adversary Complaint are Non-Core (Adversary Proceeding Doc. 280), entered on January 10, 2024.

In the Plaintiff's Motion, Plaintiff requests the Court withdraw the reference as to Count I only when Count I "is ready to be tried." Plaintiffs' Motion at 2. But Plaintiff requests the reference remain in place for all pretrial matters. See generally id. Plaintiff argues that withdrawal is permissive under 28 U.S.C. § 157(d) and that the parties' demand for a jury trial under the Seventh Amendment constitutes sufficient cause to withdraw the reference under that Section. See generally id. Defendants agree that the parties' jury trial rights constitute cause to withdraw the reference as to Count I and cross-move to withdraw the reference as to all the other claims Plaintiff brings in the Adversary Complaint. See generally Defendants' Response and Cross-Motion. Defendants also contend that the Bankruptcy Court cannot enter final judgments and orders because the claims in Counts I and II are non-core. See id. at 3 n.1. Nevertheless, Defendants agree that the Bankruptcy Court

should retain the case until it is ready for trial. See generally id. Plaintiff did not respond to Defendants' Cross-Motion.

As a preliminary matter, to the extent Defendants seek a ruling from the Court as to the Bankruptcy Court's authority to enter final orders, the Court directs Defendants to the First Order, where the Court counseled:

> To the extent Defendants seek a determination that the Bankruptcy Court does not have jurisdiction to enter final judgments as to any non-core claim, they simply seek a re-statement of the law. Pursuant to 28 U.S.C. § 157(c), if a Bankruptcy Court exercises jurisdiction over a related non-core claim, in the absence of consent by all parties, the Bankruptcy Court must submit proposed findings of fact and conclusions of law on that claim to the district court after which the district court must enter the final order or judgment.

First Order at 4. Turning to the merits of the requests to withdraw the reference, while the parties heeded the Court's instruction from the First Order to discuss the factors relevant to withdrawal for cause, the Court concludes that ruling on the Motion and Cross-Motion at this time would be advisory because neither party wishes to withdraw the reference for pretrial matters. A review of the Adversary Proceeding docket reveals that the parties are still engaged in discovery. No motion for summary judgment has been filed. It appears possible that the case will not proceed to trial at all, as the parties might settle or disposition might be appropriate at summary judgment. Accordingly, an Order withdrawing the reference for trial would have only hypothetical effect. As such,

the Court again finds the Motion and Cross-Motion are due to be denied without prejudice to renewal at the appropriate time if warranted.

If the appropriate time does arise, the Court directs the parties to comply with the Court's Local Rules. See generally Local Rules, United States District Court, Middle District of Florida (Local Rule(s)). In particular, Local Rule 3.01(g) requires that before filing a motion, a party must confer with the other parties and that in the motion, the party must certify compliance with the Local Rule and indicate whether the opposing party agrees on the resolution of all or part of the motion. See Local Rule 3.01(g).[1]

Moreover, the parties do not adequately address why the Seventh Amendment applies to the claims in Counts I and II.[2] The parties appear to

---

[1] In Defendants' Response and Cross-Motion, Defendants did certify compliance with "Local Rule 1001-2(e)(3)." Defendants' Response and Cross-Motion at 13. This seems to be a reference to what is now Rule 1001-2(g)(3) of the Local Rules for the United States Bankruptcy Court for the Middle District of Florida. These rules are inapplicable in District Court, and Local Rule 3.01(g) imposes a different conferral requirement. See Local Rule 3.01(g).

Defendants also stated in a footnote that they conferred with Plaintiff's counsel to determine the scope of relief Plaintiff intended to request in the Motion. Defendants' Response and Cross-Motion at 3 n.2. The confusion as to Plaintiff's intended relief underscores the importance of complying with Local Rule 3.01(g), which requires parties to identify which specific relief is opposed and which is unopposed. See generally Local Rule 3.01(g).

[2] The Seventh Amendment states: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved … ." U.S. Const. Am. VII. The threshold question, then, is to determine whether the action is an action at common law. The term "common law" is used to distinguish suits in admiralty or equity. See Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989).

suggest that any demand for financial relief comes with the Seventh Amendment right to trial by jury. See generally Plaintiffs' Motion; Defendants' Response and Cross-Motion. But the Supreme Court has recently reaffirmed that both the cause of action and the remedy are important considerations in determining whether the Seventh Amendment applies. See S.E.C. v. Jarkesy, 603 U.S. 109, 122–23 (2024) ("To determine whether a suit is legal in nature, we directed courts to consider the cause of action and the remedy it provides. Since some causes of action sound in both law and equity, we concluded that the remedy was the 'more important' consideration.") (quoted authority omitted). The Supreme Court has also instructed that consideration as to the cause of action requires the court to "compare the … action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." Granfinanciera, 492 U.S. at 42 (internal quotation marks and quoted authority omitted). Notably, courts have concluded that actions for breach of fiduciary duty were historically tried in courts of equity.[3] See, e.g., Chauffers, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 567 (1990) ("Such actions were within the exclusive jurisdiction of courts of

---

[3] Indeed, Plaintiff acknowledges that "claims for breach of fiduciary duty are historically actions in equity which carry no right to trial by jury," Plaintiffs' Motion at 1–2, but does not explain why the demand for financial relief overpowers this consideration, see generally id.

- 6 -

equity."); Romano v. John Hancock Life Ins. Co. (USA), 2021 WL 949939, at *4 (S.D. Fla. March 12, 2021) ("In 18th-century actions in England, claims for breach of fiduciary duty were commonly characterized as arising in equity.") (internal quotation marks and quoted authority omitted); In re RDM Sports Grp., Inc., 260 B.R. 915, 919 (N.D. Ga. Bankr. 2001) (quoting Chauffers, Teamsters and Helpers and stating that actions for breach of fiduciary duty were once exclusively within the jurisdiction of equity courts).[4] As to the remedy, the fact that a party seeks financial relief is not sufficient to trigger the Seventh Amendment: the Supreme Court has noted that "monetary relief can be legal or equitable … . What determines whether a monetary remedy is legal is if it is designed to punish or deter the wrongdoer, or, on the other hand, solely to 'restore the status quo.'" Jarkesy, 603 U.S. at 123 (quoted authority omitted). In sum, the Court advises the parties that, in any future motion to withdraw the reference based on a purported Seventh Amendment right to a jury trial, a more fulsome analysis of why the right applies to the claims in the Adversary Complaint will be necessary.

---

[4] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion to Withdraw, In Part, the Standing Order of Reference (Doc. 1) is **DENIED WITHOUT PREJUDICE.**

2. Defendants' Cross-Motion to Withdraw the Reference as to Counts I–IV (Doc. 2) is **DENIED WITHOUT PREJUDICE**.

3. The Clerk of the Court is directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of January, 2025.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of Record